**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**NAUTILUS INSURANCE COMPANY**                                  **PLAINTIFF**

v.                                                               **CAUSE NO. 1:14CV178-LG-JCG**

**WONDERLAND EXPRESS, INC., ET AL.**                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion [21] for Summary Judgment filed by plaintiff Nautilus Insurance Company in this declaratory judgment action. There has been no response filed. After due consideration of the plaintiff's arguments and the relevant law, it is the Court's opinion that Nautilus has shown it is entitled to a declaratory judgment that it owes no duty to defend or indemnify defendants Wonderland Express Inc., Horizon Freight System, Inc., or Steven Beasley under the Policy issued by Nautilus to Wonderland. Additionally, the Policy does not provide any coverage for the damages sought by defendants Amanda Hicks and Lacy Lofton, as natural guardian and next friend of C.L., a minor, on behalf of the estate of Stephen Anderson. The Motion for Summary Judgment will therefore be granted.

BACKGROUND

Nautilus issued a Commercial General Liability insurance policy to Wonderland, which is a contract trucking operation. After an accident involving one of Wonderland's trucks, two individuals, Hicks and Lofton, filed lawsuits against Wonderland and its driver for their injuries. Wonderland submitted a claim

to Nautilus, and Nautilus now seeks a declaration from the Court that it owes no duty to defend or indemnify any defendant for damages arising from the Accident.

DISCUSSION

1. The Insurance Policy

Nautilus argues that its Policy was specifically designed to insure Wonderland for general commercial risks and exclude auto related risks. "The exclusions [ ] are designed to coordinate or 'dovetail' with other common and readily available coverages, such as business auto or workers compensation coverage, which should be separately insured and are outside the scope of a CGL policy." (Pl. Mem. 8, ECF No. 22).

The Policy includes the following exclusion for injuries arising out of the use of automobiles:

> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> **2. Exclusions**
>
> This insurance does not apply to:
> …
> g. *Aircraft Auto or Watercraft*
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of

> any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

(Pl. Ex. B, Tab 1, Nautilus/Wonderland - 00011, ECF No. 22-2).

"Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Pl. Ex. B, Tab 1, Nautilus/Wonderland - 00019, ECF No. 22-2). "Auto" is defined as,

> (a) A land motor vehicle, trailer or semitrailer designated for travel on public roads, including any attached machinery or equipment; or (b) Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

*Id.*

2.  <u>The Motion for Summary Judgment</u>

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

Nautilus seeks a declaratory judgment that it does not have a duty to defend or indemnify any party for the claims arising from the Accident. "[T]he duty to defend is broader than the insurer's duty to indemnify under its policy of insurance: the insurer has a duty to defend when there is any basis for potential liability under the policy." *Titan Indem. Co. v. Pope*, 876 So. 2d 1096, 1101 (¶14) (Miss. Ct. App. 2004). In the Court's view, the Policy language quoted above unambiguously precludes coverage for injuries arising from the Wonderland driver's operation of an "auto." *See Gregory v. Audubon Indem. Co.*, 951 So. 2d 600 (Miss. Ct. App. 2007). The Policy provides no basis for potential liability for the injuries resulting from the Accident, and therefore Nautilus has neither a duty to indemnify nor defend Wonderland for the claims filed against it concerning the Accident.

Nautilus also notes that the Policy contains a punitive damages exclusion, which excludes coverage for the punitive damage claims in the underlying lawsuits. Nautilus argues that both Mississippi and Alabama law allow it to exclude punitive damages.[1] The Court finds it unnecessary to resolve that question, since there is clearly no coverage for the claims at issue here. Because the Nautilus Policy does not provide coverage for the injuries suffered by the accident victims, regardless of whether or what type of damages they may be awarded Nautilus has no duty to

---

[1] Mississippi law allows an insurance company to exclude coverage for punitive damages. *Shelter Mut. Ins. Co. v. Dale*, 914 So.2d 698, 701 (Miss. 2005). Due to a "quirk" in its law, Alabama requires coverage of punitive damages for wrongful death. *Ross Neely Sys., Inc. v. Occidental Fire & Cas. Co. of N. C.*, 196 F.3d 1347, 1350 n. 2 (11th Cir. 1999). It appears that Alabama law may apply to the Policy, as it was delivered to Wonderland in Alabama.

indemnify Wonderland for them.

CONCLUSION

For the reasons set out above, the Court finds that the language of the Insurance Policy at issue in this case is unambiguous and excludes coverage for the claims made against the insured by Hicks and Lofton. Accordingly, summary judgment in favor of Nautilus will be granted. The declaratory relief requested by Nautilus will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [21] for Summary Judgment filed by plaintiff Nautilus Insurance Company is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Nautilus owes no rights, duties, or obligations to the defendants arising out of or relating to the Accident based on the Policy issued to Wonderland Express, Inc.

**SO ORDERED AND ADJUDGED** this the 20th day of March, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE